UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                                              No. 3:23-cr-95-BJB

RYAN MITCHEM

ORDER DENYING MOTION TO REVOKE PRETRIAL DETENTION

Ryan Mitchem's challenge to the Magistrate Judge's pretrial detention order fails due to his lack of evidence that he isn't a danger to others, as well as the Government's evidence that he is.

**A. The Magistrate Judge's Detention Ruling.** A grand jury indicted Mitchem for conspiring to and actually distributing methamphetamine. Indictment (DN 1) at 1, 6–7. After a hearing, Magistrate Judge Brennenstuhl ordered Mitchem detained pending trial. Detention Order (DN 45). That order reflected Mitchem's failure to introduce sufficient evidence rebutting the presumption of detention Congress assigned to controlled-substance offenses carrying a maximum sentence of 10 years or more. *Id.* at 2 (citing 18 U.S.C. § 3142(e)(3)). Specifically, Judge Brennenstuhl concluded that Mitchem hadn't produced evidence that "conditions will reasonably assure the appearance of the defendant … and the safety of the community" and ordered detention on that basis. *Id.*

**B. This appeal.** Mitchem has asked the Court to revoke the detention order and release him on bond. Motion to Revoke (DN 47) at 1 (citing 18 U.S.C. § 3145(b)). Section 3145(b) provides that a person "ordered detained by a magistrate judge … may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." As Mitchem notes, defendants typically retain their liberty before conviction. Motion at 3. But Congress has directed that defendants in Mitchem's position presumptively should be detained because they stand accused of "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." § 3142(e)(3)(A).[1]  A

---

[1] That statute also requires that "the judicial officer finds that there is probable cause to believe that the person committed" the relevant offense. § 3142(e)(3). But following Mitchem's indictment that requirement is immaterial because a "grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Mitchem doesn't contest probable cause.

1

defendant may rebut this presumption by producing "evidence that he does not pose a danger to the community *or* a risk of flight." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)) (emphasis added). "[S]ection 3142(e)(3)'s presumption in favor of detention imposes only a burden of production on the defendant." *Id.* (internal quotation marks omitted). That burden is "not heavy," but requires "at least some evidence." *Id.* (internal quotation marks omitted).

If a defendant carries that burden, the Government must "prove that no conditions of release"—such as bond, travel restrictions, or GPS tracking—could "assure the safety of the community." *Id.* at 946. To make that determination, a court must consider four factors identified by Congress in 18 U.S.C. § 3142(g): "the nature and circumstances of the offense charged," "the weight of the evidence against the person," "the history and characteristics of the person," and "the nature and seriousness of the danger … posed by the person's release." This Court's review is de novo. *See United States v. Brown*, 601 F. Supp. 3d 196, 199 (W.D. Ky. 2022).

Whether viewed as the Defendant's absence of evidence under § 3142(e) or the Government's clear and convincing evidence under § 3142(g), Mitchem's challenge fails: the Magistrate Judge correctly concluded, based on the record evidence, that no condition or combination of conditions of release would reasonably assure the safety of others and the community.

**1.** *Section 3142(e).* Mitchem's challenge to the Magistrate Judge's ruling offers a handful of arguments in support. First, Mitchem highlights business ownership and living arrangements. Motion at 1. For the past two years, he has owned and operated a food truck. *Id.* He and his long-time partner run the food truck together and live in her Jeffersontown home with their three kids. *Id.* at 4. He emphasizes that his family faces "serious financial hardship" without him running the business. *Id.* at 1. Second, he relies on the Probation Office's recommendation that he be released on unsecured bond with certain additional restrictions—emphasizing that "[t]he level of supervision available to federal indictees is substantial." *Id.* at 3. Third, his partner has offered to be a third-party custodian. *Id.* at 4. Mitchem neither cites evidence in support of these arguments nor connects them to Congress's flight-risk or community-safety concerns; he merely lists them.

Viewed one way, Mitchem's discussion of these community ties might undermine the Magistrate Judge's finding that he hasn't "introduced sufficient evidence to rebut the presumption" in favor of detention. As noted, this burden of production is slight: though he doesn't cite the record in his motion, Mitchem arguably put forth "at least some evidence" at his detention hearing. *Stone*, 608 F.3d at 945. As recognized by the Government, *see* Response (DN 54) at 1, Mitchem's self-

2

employment, family connections, and potential custodian likely amount to "some evidence" that he isn't a flight risk.

The problem for Mitchem is community danger, not flight risk. He doesn't appear to have "introduce[d] some evidence contrary to the presumed fact" of danger to others and the community "in order to rebut the presumption." *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991). Rather than reading the Magistrate Judge's order to suggest Mitchem introduced no evidence *at all*, a more sensible understanding is that Judge Brennenstuhl found he "has not introduced sufficient evidence" regarding *danger* to the community and others "to rebut the presumption" of detention established by Congress. Viewed that way, the Magistrate Judge's determination is correct; none of the information discussed in his motion addresses danger. This alone is enough to reject the motion to revoke: "An unrebutted presumption requires detention." *United States v. Cornish*, 449 F. Supp. 3d 681, 683 (E.D. Ky. 2020). And Mitchem hasn't rebutted "the presumed fact," recognized by Congress, *Stone*, 608 F.3d at 945, "that no condition or combination of conditions" would "reasonably assure" the community's safety, *see* § 3142(e)(3).

Even considered under the rubric of dangerousness, these facts wouldn't rebut the presumption of detention. *See Stone*, 608 F.3d at 946 (evidence may be insufficient to take a case "outside the congressional paradigm" that presumes danger and detention). His self-employment and family relationships may bear on flight risk, but they say nothing about his danger to the community. *See, e.g.*, *United States v. May*, No. 1:20-cr-220, 2020 WL 2464876, at *1–2 (N.D. Ohio May 13, 2020) (conditions that "existed at the time Defendant committed the alleged acts" did not rebut the presumption of detention). Next, Mitchem's invocation of conditions of release available in all cases doesn't explain why they'd be effective in his case, contrary to the Magistrate Judge's findings or Congress's presumption. As to the proposed third-party custodian, Mitchem offers no explanation of her ability to supervise him—particularly since they were living together for the duration of the alleged conspiracy. *See, e.g.*, *United States v. Roscoe*, 455 F. Supp. 3d 449, 459 (E.D. Mich. 2020) (girlfriend who offered to be third-party custodian did not assure safety of community because defendant already lived with her and their children during alleged criminal activity). So the record before the Court doesn't undermine Judge Brennenstuhl's findings or Congress's presumption of danger.

**2. *Section 3142(g).*** Based on the information that is before the Court, moreover, the motion to reconsider would fail even if Mitchem *had* rebutted the presumption of dangerousness. If he had, the Government would have "to prove that no conditions of release"—such as bond, travel restrictions, or GPS tracking—could "assure the safety of the community." *Stone*, 608 F.3d at 946. That determination turns on the four factors set out in § 3142(g):

3

>   (1) "the nature and circumstances of the offense charged,"
>   (2) "the weight of the evidence against the person,"
>   (3) "the history and characteristics of the person," and
>   (4) "the nature and seriousness of the danger … posed by the person's release."

In addition, a judge weighing a release request considers the congressional presumption favoring detention, which "does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Stone*, 608 F.3d at 945. "The presumption remains a factor because it … reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *Id.*

All four § 3142(g) factors cut against his motion—particularly in light of the presumption favoring detention before trial on these serious offenses.

*First*, Mitchem faces charges as part of a large-scale conspiracy to distribute a dangerous controlled substance—methamphetamine. Congress expressly included offenses involving "a controlled substance" among the particularly serious offenses listed in § 3142(g)(1). This means that the "nature and circumstances of the offense charged" weigh in favor of detention. *Id.* (asking "whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device"). "Notwithstanding the presumption of innocence, which applies in every case," a grand-jury charge involving a controlled substance "weighs in favor of detention." *United States v. Alcauter*, No. 23-3278, 2023 WL 6378271, at *1 (6th Cir. July 11, 2023).

*Second*, "the weight of evidence against the person" weighs in favor of detention. *See* § 3142(g)(2). This refers to "the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948. As the government notes, Mitchem's distribution charge relates to a controlled buy in which Mitchem's co-defendant openly carried a gun. Response at 2. Mitchem—a convicted felon—was carrying a high-capacity firearm when he was arrested. *Id.* Mitchem allegedly told undercover agents during the controlled buy that he could provide much larger quantities of methamphetamine in the future. *Id.* This suggests that Mitchem would pose a danger to his community if released and weighs in favor of detention.

*Third*, Mitchem's "history and characteristics" count against him. *See* § 3142(g)(3). Mitchem's extensive criminal history (described by the Probation Office's pretrial report—discussed without objection by the parties but not found in the docket) includes multiple drug-trafficking offenses, unlawfully possessing a handgun, wanton endangerment, and assault under extreme emotional disturbance.

4

*See, e.g.*, Response at 2; *United States v. Marcrum*, 953 F. Supp. 2d 877, 879 n.2 & 882 n.3 (W.D. Tenn. 2013) (relying in part on undocketed Probation Office pretrial report). Additionally, several of these offenses occurred while Mitchem was on either pretrial or post-incarceration release. *See* Detention Order at 2. To be sure, the statute asks "whether, *at the time of the current offense or arrest*, the person was on probation [or] parole." § 3142(g)(3)(B) (emphasis added). Mitchem was not. The fact that he committed several of his *past* offenses while on some form of supervised release, however, is at least relevant to his "history and characteristics" in terms of recidivism and future risk to the community. Overall, Mitchem's criminal history favors detention.

*Fourth*, and finally, "the nature and seriousness of the danger to any person or the community that would be posed by the person's release" weigh in favor of detention. *See* § 3142(g)(4). This factor focuses on the danger that would arise from a person's release, rather than the seriousness of the charged crime. *See, e.g.*, *United States v. Hoilman*, No. 22-6108, 2023 WL 4074630, at *2 (6th Cir. Apr. 24, 2023) (assessing danger that releasing defendant posed to a particular category of potential victims); *United States v. Smallwood*, No. 09–5566, 2009 WL 9119876, at *2 (6th Cir. Aug. 17, 2009) (identifying a potential victim who might be in danger if defendant were released). Courts treat "drug trafficking [as] a serious offense that, in itself, poses a danger to the community." *Stone*, 608 F.3d at 947 n.6 (collecting cases). So both Mitchem's current charges and his history of trafficking controlled substances suggest that his release would pose a threat to the community.

Even if the four factors were in equipoise, the statutory presumption would tip the scales toward detention. *See id.* at 945 (explaining congressional determination that "particular classes of offenders should ordinarily be detained prior to trial"). Since all four statutory factors weigh against Mitchem's requested relief, the presumption simply points further away from release.

Based on a de novo review of the decision below, therefore, the Court agrees with Judge Brennenstuhl that no "condition or combination of conditions … will reasonably assure" the safety of other people and the community if Mitchem were released. Detention Order at 2. Under the rules set down by Congress in § 3142 and the record in this case, the Court denies Mitchem's motion to revoke his pretrial detention.

Benjamin Beaton, District Judge
United States District Court

December 6, 2023